JUSTICE RICE
specially concurring.
¶25 The Court creates an unnecessary and costly rule that accommodates defendants engaged in shenanigans with the judicial system.
¶26 In Craig, this Court stated the following:
In refusing to cooperate with his appointed counsel and, at the same time insisting that he was not asking to proceed pro se, Craig was attempting to force the appointment of new counsel. This Court cannot countenance such dilatory and manipulative tactics at the expense of the efficient administration of justice.
Craig, 274 Mont. at 153, 906 P.2d at 691. Faced with a defendant who was clearly attempting to unfairly manipulate the system to his advantage, the district court in Craig saw a viable remedy: keep appointed counsel on standby. While we recognized the prudence of that action by the district court, we did not make it a rule that in similar situations district courts must do likewise. We do so today.
*142 ¶27 The tension in our precedent leads to the rule announced today, but it need not have done so. In Craig, we stated that “at some point a criminal defendant can be deemed to have waived to a certain extent his constitutional right to effective assistance by virtue of his unreasonable refusal to communicate with his attorney,” Craig, 274 Mont. at 152, 906 P.2d at 690 (quoting Thomas v. Wainwright (11th Cir. 1985), 767 F.2d 738, 743), and that a “persistent unreasonable demand for dismissal of counsel [is] the functional equivalent of a knowing and voluntary waiver of counsel.” Craig, 274 Mont. at 152, 906 P.2d at 690 (quoting Thomas, 767 F.2d at 743) (brackets in original). However, we also stated:
We decline to adopt the State’s position that Craig’s rejection of [appointed counsel’s] representation constituted an unequivocal request to proceed pro se and a valid waiver of his right to counsel. Craig’s situation does not meet the unequivocal request standard established by Langford, 267 Mont. 95, 882 P.2d 490.
Craig, 274 Mont. at 151, 906 P.2d at 690. Thus, on the one hand, according to the rule in Langford, a defendant must make an unequivocal request to waive his right to counsel and to proceed pro se. On the other hand, according to Craig, a defendant’s obfuscatory actions can at some point effectively create a waiver of the right to counsel-without an unequivocal request. In the latter situation, I would leave it to the district court’s discretion in each individual case how best to address the defendant’s actions.
¶28 I concur with the Court’s decision today because I cannot say with confidence that Browning reached the point at which he could be deemed to have waived his right to counsel, because he was focused primarily on hiring private counsel. However, I do not agree that we should require, as a rule, appointed counsel to remain on standby absent an unequivocal waiver.